PATRICK MICHAEL DUFFY, United States District Judge
This matter is before the Court on Defendant Vincent Kring's pro se motion for a mental health examination pursuant to 18 U.S.C. §§ 4241, 4245, and 4248 (ECF No. 85). For the reasons set forth herein, Defendant's motion is denied.
BACKGROUND AND PROCEDURAL HISTORY
On February 2, 2006, Defendant was sentenced to 210 months in federal prison and five years of supervised release for receipt of child pornography. He filed the instant motion for a mental health examination on October 20, 2017, and the Government responded on November 7. Accordingly, this matter is now ripe for consideration.
DISCUSSION
Defendant requests a mental health examination under three different sections of Title 18, and contends that the Court must hold a hearing because there is reasonable cause to believe that he is presently suffering from a mental disease or defect. The Court addresses his grounds in the order that he presented them. First, Defendant argues that 18 U.S.C. § 4241 entitles him to a mental health examination. The Court disagrees. Section 4241 provides that
[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the competency of the defendant.
Defendant has already been sentenced, and has not begun probation or supervised release. Accordingly, § 4241 does not apply to him until he begins probation or supervised release.
Next, the Court turns to Defendant's argument under 18 U.S.C. § 4245. Section 4245 provides that
[i]f a person serving a sentence of imprisonment objects either in writing or through his attorney to being transferred to a suitable facility for care or treatment, an attorney for the Government, at the request of the director of the facility in which the person is imprisoned, *656 may file a motion with the court for the district in which the facility is located for a hearing on the present mental condition of the person.
There are several issues with Defendant's argument under § 4245. First, Defendant has not shown that he is being transferred to a suitable facility for care or treatment. Second, § 4245 states that an attorney for the Government may file a motion for a hearing on the prisoner's mental condition, but does not permit the prisoner himself to file a motion. Finally, § 4245 dictates that any motion filed should be filed with the court for the district in which the facility is located. Defendant is currently in the Federal Penitentiary in Marion, Illinois. Thus, even assuming that a prisoner is entitled to file a motion under § 4245, and that an actual pending transfer to a suitable facility is not a prerequisite to filing such a motion, this Court is still the improper court to hear that motion.
Finally, Defendant argues that he is entitled to a hearing under 18 U.S.C. § 4248. Section 4248 provides that if the Attorney General of the United States or the Director of the Bureau of Prisons certifies that a person is a sexually dangerous person, they may "transmit the certification to the clerk of the court for the district in which the person is confined." Again, Defendant's argument fails for at least two reasons. First, neither the Attorney General nor the Director of the Bureau of Prisons has submitted such a certificate. Second, if such a certificate were to be transmitted, it would not be sent to this Court. Therefore, § 4248 is inapplicable as well.
The Government notes in its response that it spoke with a doctor at the federal prison in Marion and that the Bureau of Prisons already conducted a mental examination of Defendant. Additionally, the doctor informed the Government that it would again conduct a mental health examination of Defendant for civil commitment purposes before his release.
CONCLUSION
For the foregoing reasons, Defendant's motion for a mental health examination is DENIED .
AND IT IS SO ORDERED.